THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VALENTÍN RAMOS AVILÉS, Defendant and Appellant.

No. 5711. Argued March 1, 1935.—Decided March 8, 1935.

*José Veray, Jr.*, for appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Valentín Ramos Avilés appealed from a judgment of conviction rendered against him in a criminal case and petitioned the court that the stenographer be ordered to prepare the transcript of the evidence for the purpose of the appeal and that the appellant be declared an indigent person not required to pay the stenographer's fees. With that petition he exhibited his own affidavit wherein he stated that he had appealed from the judgment that sentenced him to two years' imprisonment in the penitentiary for a violation of section 407 of the Penal Code (arson), and that owing to his insolvency he was not in a position to pay for the transcript of the evidence to be used in connection with his appeal. He also presented two affidavits from other persons, stating that the appellant was insolvent and lacked the necessary means and sufficient income to pay to the stenographer for the transcript of the evidence necessary for his appeal; that he had a wife and five small children, and that he was engaged in the sale of chickens and other dealings of a similar character, having to support his family with the profits obtained from such work. The court ordered that the said petition be served on the stenographer in case the latter desired to object thereto. Subsequently, without any showing from the record that the stenographer presented evidence to contradict said affidavits, the court decided as follows: "Or-

der. Considering that the conflict in the evidence in this case was correctly solved by the jury; that no questions of law were raised in the course of the trial, nor any meritorious exception was taken, and consequently that the appeal taken is frivolous and by all means dilatory; that the defendant was represented by an attorney retained by him; considering also the slightness of the penalty imposed and especially owing to the fact that the office of the stenographer is in an embarrassing situation due to the frequent misuse that has been made of proceedings *in forma pauperis* to obtain transcripts of records free of charge, which causes substantial prejudice to the proper prosecution of the matters before this court, the petition presented by the appellant, that is, the application to be furnished with a transcript of the evidence as an indigent person, is hereby denied." From said decision the defendant took the present appeal which is authorized by subdivision 3 of section 347 of the Code of Criminal Procedure, according to which an appeal may be taken by the defendant from an order made after judgment, affecting the substantial rights of the party.

■■■ Section 356 of the Code of Criminal Procedure, as amended by Act No. 4 of April 18, 1925, authorizes a defendant who has been convicted and appeals from the judgment rendered, to cause the transcript of the evidence necessary for his appeal to be prepared by the court stenographer, and provides that when the defendant-appellant shall have proved his insolvency to the court, it will be the duty of said court to order the stenographer to prepare and file the transcript, free of charge.

The order from which this appeal was taken does not deny that the appellant is insolvent and that he is consequently unable to pay to the stenographer the fees that the law authorizes the latter to charge for the transcript of the evidence. The only affidavits that the court had before it in order to decide the petition to litigate *in forma pauperis*, were not impeached. The refusal to allow the defendant to

proceed *in forma pauperis* was based by the court on other reasons, which we do not think are justified, for the fact that the conflict of the evidence was correctly decided by the jury and that the appeal taken is frivolous because no questions of law were raised during the trial, are not points to be decided by the lower court but by this Supreme Court if duly raised; similarly as to the fact that the defendant was represented by counsel whom he retained and paid, for such payment does not appear from the record and, even if it so appeared, the defendant could have paid for his defense and still not be in a position to pay for the transcript of the evidence: nor the fact that a slight penalty was imposed or that proceedings *in forma pauperis* have been misused, are sufficient reasons to deny the petition to litigate as an indigent person made by the defendant, because if it is really true that he is insolvent, what other persons have viciously done cannot affect him.

The order appealed from will be reversed and another entered instead declaring that the appellant is insolvent and is entitled to obtain from the stenographer the transcript of the evidence, free of charge.